

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>EDDIE EUGENE CUNNINGHAM<br>*and*<br>PAMUNKEY REGION JAIL AUTHORITY,<br><br>　　　　　　　　　　　　*Defendants.* | CASE NO. 3:06-CV-00019<br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant PRJA's May 11, 2006 Motion to Dismiss under Fed. R. Civ. Proc. 12(b)(6). For the reasons below, the motion will be denied.

**Facts and Procedural Background**

The facts of this case are not disputed. Plaintiff was on July 25, 2006, an inmate at the Pamunkey County Region Jail. Defendant Eddie Cunningham was an employee of the Defendant Pamunkey Regional Jail Authority. On that morning, Defendant Cunningham was assigned to transport Plaintiff to the Fluvanna Women's Correctional Center. No other inmates or jail guards were in the car. During the trip, Cunningham stopped the car in a secluded location and raped the Plaintiff. Two days later, Plaintiff notified the authorities of the rape. Cunningham has confessed and pleaded guilty to raping Plaintiff and at least one other female PRJA inmate.

On April 5, 2006, Plaintiff filed a complaint in this Court alleging violations of her civil

rights under color of law in violation of 42 U.S.C. § 1983 by both Cunningham and the PRJA. The Motion to Dismiss was filed May 11, 2006, asserting that the jail could not be held responsible for the criminal and tortious acts of its employee in the absence of a policy or custom endorsing his behavior. Plaintiff's response, filed September 15, 2006, called attention to the jail's policy (or lack thereof) permitting male guards to be alone with female inmates, placing the inmates at a high risk of sexual abuse. A hearing was held on September 22, 2006, at which the Plaintiff and the PRJA were represented.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) *(en banc).*

## Discussion

The law on municipal liability under § 1983 is quite clear: common-law respondeat

superior does not apply. *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Nor does an mere oversight in policymaking, leaving gaps in which employees can violate citizen rights, result in liability. *See Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984). On the other hand, no formal policy need be adopted if the plaintiff can demonstrate that a particular kind of unconstitutional conduct was widespread and widely tolerated. That is, "municipal policy" may be formal and written, or it may be informal and customary, based on the long practice of the organization. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). Although it would be rare to find a municipality with a formal, written policy of violating citizen rights, it is easier to imagine a regime where such abuse is formally prohibited but commonly ignored, thus establishing a custom of unconstitutional conduct sufficient to trigger liability under § 1983

> The proof scheme required was succinctly summarized by the Supreme Court:
>
> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

*Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985)

Here, Plaintiff alleges the existence of a policy or custom of transporting female inmates alone with male guards. There is no evidence of what the policy of the jail actually is, but for the purposes of this motion we assume that there is an explicit rule adopted after due deliberation permitting this practice. The Court finds a policy or custom of transporting female inmates alone with male guards is not unconstitutional, because the majority of men, and the majority of prison guards, are not rapists merely waiting for an opportunity to assault a woman. This is not to say

that this policy is wise, or that a different policy would not have protected the Plaintiff's undeniable right to bodily integrity more effectively. But absent a showing that transportation by a male guard alone is tantamount to a sentence of rape for any women unfortunate enough to suffer it, the policy cannot be said to have *caused* the rape. Rather, the policy *failed to prevent* the rape, which is inadequate as a matter of law to support liability. *See Milligan*, 743 F.2d at 230.

However, it is possible that the PRJA had a custom of permitting male guards to rape female inmates, whether in transit or at the jail itself. Doubtless it has no written policy permitting such behavior, but if Plaintiff is able to show that rape was widespread at the jail, she may be able to establish that it was so tolerated by the policymaking authorities that rape amounted to a policy of the jail. In that case, liability under § 1983 would attach. Viewing the complaint in the light most favorable to the plaintiff, it is possible that she has stated a proper claim under 42 U.S.C. § 1983. For that reason, the motion to dismiss must be DENIED at this time.

The parties are to conduct discovery limited to the question of the prevalence of rape of inmates by guards at the Pamunkey jail.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ *[signature]*

U.S. District Judge

Sept. 28, 2006

Date